IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOEL HONEYCUTT )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WELTMAN, WEINBERG & REIS CO., )<br>LPA, SHERMAN FINANCIAL GROUP, )<br>LLC, LVNV FUNDING LLC, and )<br>RESURGENT CAPITAL SERVICES )<br>L.P., )<br>)<br>    Defendants. ) | Civil Action No. _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Joel Honeycutt (hereinafter "Plaintiff") is a natural person who resides in Blount County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Defendant Weltman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Alan Weinberg, 323 W. Lakeside Ave., Ste. 200, Cleveland, OH 44113.

6. Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

**FACTUAL ALLEGATIONS**

9. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of

the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by GE Capital, and allegedly owed by Plaintiff.

10. After default, the alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

11. Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise. Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

12. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

13. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

14. Defendant Weltman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3

15. Defendant Weltman is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

### *December 22, 2011 Collection Letter*

16. On or about December 22, 2011, Defendant Weltman sent a collection letter to Plaintiff dated December 22, 2011. **Copy filed as Exhibit 1 to Complaint (hereinafter "Doc. 1-1").**

17. The December 22, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

18. The December 22, 2011 collection letter prominently and boldly displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the December 22, 2011 collection letter in capital letters and bold print. (Capital and bold letters in original)

19. The December 22, 2011 collection letter stated that owner of the debt is Defendant LVNV and the balance due is $810.42.

20. The December 22, 2011 collection letter further stated that:

> "Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. As of the date of this letter you owed the amount listed above. Therefore, it is important that you contact our office to discuss an appropriate resolution for this matter.
>
> . . .
>
> This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor."

21. No attorney licensed in Tennessee or any other state signed the December 22, 2011 collection letter. It was auto signed: "Weltman, Weinberg & Reis Co., L.P.A.".

22. On information and belief, none of the attorneys who are members of Defendant Weltman's law firm had any direct personal involvement in the mailing of the December 22, 2011 collection letter.

23. On information and belief, none of the attorneys who are members of Defendant Weltman's law firm reviewed Plaintiff's file, did not determine when the December 22, 2011 collection letter should be sent, did not approve the sending of the December 22, 2011 collection letter based upon the recommendations of others, did not see the December 22, 2011 collection letter before it was sent, and did not know the identity of the Plaintiff, before the December 22, 2011 collection letter was sent.

24. The use of the law firm's letterhead is sufficient to give the least sophisticated consumer the false impression that the December 22, 2011 collection letter was a communication from an attorney, in violation of § 1692e(3).

25. The December 22, 2011 collection letter was false, deceptive, and misleading because it was not "from" an attorney in any meaningful sense of the word. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 301 (2d Cir.2003) ("[a]lthough there is no dispute that [the defendant law firms] are law firms, or that the letters sent by those firms were 'from' attorneys in the literal sense of that word, some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA").

26. Upon receiving the December 22, 2011 collection letter, the least sophisticated consumer, may reasonably believe that an attorney licensed in Tennessee has reviewed his file and has determined that he is a candidate for legal action in Tennessee.

27. The December 22, 2011 collection letter did not make clear to the least sophisticated consumer that the law firm was acting solely as a debt collector and not in any legal capacity in sending the letters.

28. The December 22, 2011 collection letter, presented on Defendant Weltman's letterhead, violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that attorneys, acting as attorneys, are involved in collection of Plaintiff's debt.

### *January 21, 2012 Collection Letter*

29. On or about January 21, 2012, Defendant Weltman sent Plaintiff a collection letter dated January 21, 2012.

30. The January 21, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), was sent in connection with collection of the debt and in an attempt to collect the debt, and was a subsequent communication in connection with collection of the debt.

31. The January 21, 2012 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print.

32. The January 21, 2012 collection letter stated:

>    RE:   LVNV FUNDING LLC
>          Original Creditor: GE CAPITAL
>          Account No.: XXXXX5298
>          WWR No.: 9478065
>          Balance Due as of January 21, 2012:  $815.07

33. The January 21, 2012 collection letter further stated that:

> "As you are aware this law firm represents the above reference client on the aforementioned account. Perhaps you already spoke to a collection representative who explained the seriousness of this matter, or maybe you have not yet called us to discuss repayment options. In any event, it is our desire to resolve this matter timely and amicably without further collection efforts. We invite you to call us toll free at 1-800-286-9403 to discuss an opportunity to receive significant savings by settling this matter for a reduced amount.
>
> . . .
>
> This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.
>
> Thank you for your anticipated willingness to resolve this matter."

34. The January 21, 2012 collection letter was not signed by an individual, but was auto-signed "**Weltman, Weinberg & Reis Co., L.P.A**." (Emphasis added).

35. The sending of the January 21, 2012 collection letter by Defendant Weltman to Plaintiff, who is an individual consumer in Tennessee, that prominently displays the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print, is the false representation or implication that any individual attorney in the Defendant Weltman law firm is licensed as an attorney in Tennessee, and that the communication is from an attorney, when there are no attorneys in the Defendant Weltman law firm licensed to practice in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

### *March 24, 2012 Collection Letter*

36. On or about March 24, 2012, Defendant Weltman sent Plaintiff a collection letter dated March 24, 2012.

37. The March 24, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), was sent in connection with collection of the debt and in an attempt to collect the debt, and was a subsequent communication in connection with collection of the debt.

38. The March 24, 2012 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print.

39. The March 24, 2012 collection letter stated:

> RE: LVNV FUNDING LLC
> Original Creditor: GE CAPITAL
> Account No.: XXXXX5298
> WWR No.: 9478065
> Balance Due as of March 24, 2012: $824.04

40. The March 24, 2012 collection letter further stated that:

> "We have made several attempts to contact you, but our efforts have been unsuccessful.
>
> It is important that you contact this office to discuss a possible resolution of your account.
>
> . . .
>
> This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose."

41. The March 24, 2012 collection letter was not signed by an individual, but was auto-signed "**Weltman, Weinberg & Reis Co., L.P.A**." (Emphasis added).

42. The sending of the March 24, 2012 collection letter by Defendant Weltman to Plaintiff, who is an individual consumer in Tennessee, that prominently displays the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print, is the false representation or implication that any individual attorney in the Defendant Weltman law firm is licensed as an attorney in

Tennessee, and that the communication is from an attorney, when there are no attorneys in the Defendant Weltman law firm licensed to practice in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

### *April 24, 2012 Collection Letter*

43. On or about April 24, 2012, Defendant Weltman sent Plaintiff a collection letter dated April 24, 2012.

44. The April 24, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), was sent in connection with collection of the debt and in an attempt to collect the debt, and was a subsequent communication in connection with collection of the debt.

45. The April 24, 2012 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print.

46. The April 24, 2012 collection letter stated:

   >     RE:   LVNV FUNDING LLC
   >           Original Creditor: GE CAPITAL
   >           Account No.: XXXXX5298
   >           WWR No.: 9478065
   >           Balance Due as of April 24, 2012:  $829.65

47. The April 24, 2012 collection letter further stated that:

   > "Please be advised that our client has authorized us to accept 60% of the balance due reference above as settlement of this account.
   >
   > . . .
   >
   > This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose."

48. The April 24, 2012 collection letter was not signed by an individual, but was auto-signed "**Weltman, Weinberg & Reis Co., L.P.A**." (Emphasis added).

49. The sending of the April 24, 2012 collection letter by Defendant Weltman to Plaintiff, who is an individual consumer in Tennessee, that prominently displays the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print, is the false representation or implication that any individual attorney in the Defendant Weltman law firm is licensed as an attorney in Tennessee, and that the communication is from an attorney, when there are no attorneys in the Defendant Weltman law firm licensed to practice in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

### *Failure to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

50. The December 22, 2011 collection letter was the initial communication in connection with collection of the debt by Defendant Weltman.

51. Within five days after Defendant Weltman sent the December 22, 2011 collection letter to Plaintiff, Plaintiff had not paid the debt.

52. By stating in the December 22, 2011 collection letter that they had been hired to collect $810.42 from Plaintiff and implying that Plaintiff may owe more than that for additional interest or other charges, Defendant Weltman failed to correctly state the amount of the debt on December 22, 2011.

53. Defendant Weltman's December 22, 2011 initial communication, which disclosed the amount allegedly owing, failed to list the correct balance owed and indicate any specifics about any charges or fees that may be associated with the debt and accruing on the balance owed, including the amount of interest (with the applicable interest rate), made it impossible to determine from the letter the exact amount owed on that date, given that it referenced additional interest, without stating any specific amounts, and did not expressly

state as of what date the balance owed is due or what impact payment of the stated amount would have on Plaintiff's obligation to pay later-accruing interest or other charges.

54. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the December 22, 2011 collection letter, and within one year prior to the filing of this Complaint, Defendant Weltman failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

*False Representation of the Amount of the Debt*

55. By stating that they had been hired to collect $810.42 from Plaintiff and implying that Plaintiff may owe more than that amount for additional interest and other charges, Defendant Weltman falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

*Collection Service Licensing – Defendant Weltman*

56. Defendant Weltman is an artificial entity and does not possess a law license in the state of Tennessee.

57. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3).

58. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

59. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

60. Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter. Tenn. Code Ann. § 62-20-118.

61. Defendant Weltman has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

62. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. ***See, Tenn. Code. Ann. § 62-20-103(a)(2).***

63. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption. In 2000, the Tennessee Attorney General interpreted the exemption for attorneys as being "**applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys**." *Copy*

*of Tennessee Attorney General ("TAG") Opinion No. 00-105 filed as Exhibit 2 (hereinafter "Doc. 1-2").*

64. On information and belief, none of the individual attorneys who are members of Defendant Weltman's law firm are licensed to practice law in the State of Tennessee.

65. None of the individual attorneys who are members of Defendant Weltman's law firm signed the December 22, 2011, January 21, 2012, March 24, 2012, or April 24, 2012 collection letters.

66. There is no exemption allowed Defendant Weltman under the Tennessee Collection Service Act, and Defendant LVNV could only have hired Defendant Weltman as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

67. Defendant LVNV failed to determine that Defendant Weltman was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

68. The failure of Defendant Weltman to become licensed by the Tennessee Collection Service Board when they could have only been hired as a collection service and not for its services as an attorney would mislead and confuse the least sophisticated consumer by suggesting that Defendant Weltman had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

69. By attempting to collect the debt from Plaintiff at a time when Defendant Weltman was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Weltman violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Summary*

70. The above-detailed conduct by these Defendants in an effort to collect the alleged debt, including, but not limited to making false, deceptive and/or misleading representations in their communications to Plaintiff, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

71. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Weltman and the other debt collectors employed as agents by the Sherman Defendants, and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, the Sherman Defendants.

72. The acts and omissions by Defendant Weltman and the other debt collectors employed as agents by the Sherman Defendants were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Sherman Defendants in collecting consumer debts.

73. By committing these acts and omissions against Plaintiff, Defendant Weltman, and the other debt collectors employed as agents by the Sherman Defendants were motivated to benefit their principals, the Sherman Defendants.

74. The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

76. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

77. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/21/12                         Respectfully submitted,

                                 **JOEL HONEYCUTT**



                                 /s/      Alan C. Lee
                                 Alan C. Lee, Esq., BPR # 012700
                                 Attorney for Plaintiff
                                 P. O. Box 1357
                                 Talbott, TN 37877-1357
                                 (423) 581-0924
                                 info@alanlee.com